**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **LONDELL TRADON MURPHY,** ) | |
|     **ID #1303236** ) | |
|         **Petitioner,** ) | |
| vs. ) | No. 3:09-CV-2132-M (BH) |
| ) | |
| **RICK THALER,**[1] **Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         **Respondent.** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On April 25, 2005, petitioner was convicted by a jury of aggravated assault with a deadly weapon and murder in Cause Nos. F03-58852-U, F03-58853-U. (Petition (Pet.) at 2, 3). He was sentenced to ten years and thirty-five years, to be served concurrently. *Id*. Petitioner appealed his conviction, challenging the legal and factual sufficiency of the evidence and the trial court's failure to grant a motion for mistrial. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion. *Murphy v. State*, Nos. 05-05-00715-CR, 05-05-00720-CR (Tex. App.

---

[1] On July 15, 2009, Rick Thaler succeeded Nathaniel Quarterman as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Thaler "is automatically substituted as a party."

1

– Dallas, Feb. 2, 2007). After receiving an extension of time to file a petition for discretionary review (PDR), he filed a PDR on April 25, 2007. On June 6, 2007, the Court of Criminal Appeals struck it as non-compliant because it exceeded the page limit. *Murphy v. State*, 2007 WL 1613051 (Tex. Crim. App. June 6, 2007). On February 26, 2008, petitioner filed a motion to reinstate his PDR in the Court of Criminal Appeals claiming that he contacted the Fifth District Court of Appeals about the status of his PDR in August of 2007, and it informed him on September 5, 2007 that no ruling had been made. (*See Murphy v. Quarterman*, Cause No. 3:08-CV-749-D doc. 2, exhibit F). He also claimed that after he wrote directly to the Court of Criminal Appeals, he received a letter dated February 8, 2008, informing him that his PDR had been struck in June of 2007. (*Id.*)

Petitioner filed a federal petition on April 29, 2008. *See Murphy v. Quarterman*, Cause No. 3:08-CV-749-D. On November 24, 2008, it was dismissed without prejudice for failure to exhaust state court remedies. *Murphy v. Quarterman*, 2008 WL 4937379 (N.D. Tex. Nov. 14, 2008). On April 16, 2009, petitioner filed state applications for writ of habeas corpus in both of his two cases. (Pet. at 3). The Court of Criminal Appeals denied the applications without a written order based on the trial court's findings without a hearing on October 21, 2009. *See Ex parte Murphy*, WR-72,606-01, WR-72,606-023 (Tex. Crim. App. Oct. 21, 2009). Petitioner filed a second federal petition on November 3, 2009. (Pet. at 9).[2]

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's convictions became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Petitioner filed a PDR with the Court of Criminal Appeals. The PDR was struck on June 6, 2007, because it exceeded fifteen pages. (Pet. at 3; *see also Murphy v. State*, 2007 WL 1613051 (Tex. Crim. App. June 6, 2007)). A corrected PDR was due within 30 days. (*Id*., slip op. at 1). Petitioner did not file a redrawn petition. The state convictions therefore became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, on July 6, 2007, the date to which the Court of Criminal Appeals extended the deadline. *See Roberts v. Cockrell*, 319 F.3d 690, 692,(5th Cir. 2003).

With regard to subparagraph (D), the facts supporting petitioner's claims became known or could have become known prior to the date petitioner's state judgment of conviction became final in July of 2007. Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his November 3, 2009, filing untimely.

**B. Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). When petitioner filed his state petition on April 16, 2009, well over a year had passed since his conviction became final on July 6, 2007. It is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, because his state petition was filed after the one-year limitations period had expired, its filing does not toll the one-year limitations period. Likewise, petitioner's prior federal petition does not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition). Accordingly, petitioner is entitled to no statutory tolling of the one-year limitations period.

**C. Equitable Tolling**

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th

Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). A petitioner "is not entitled to equitable tolling", however, unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

    1.    *Striking of PDR*

Petitioner contends that his PDR was struck by the Court of Criminal Appeals without notice to him. (Pet. at 3). In a motion to reinstate his PDR that he filed in the Court of Criminal Appeals on February 26, 2008, petitioner alleged that he contacted the Fifth District Court of Appeals about the status of his PDR in August of 2007, and that court informed him that no ruling had been made on September 5, 2007. (*See Murphy v. Quarterman*, Cause No. 3:08-cv-749-D doc. 2, exhibit F). He also claimed that it was not until he wrote directly to the Court of Criminal Appeals that he received a letter dated February 8, 2008, informing him that his PDR had been struck in June of 2007. (*Id.*) Petitioner also included a copy of this letter from the Court of Criminal Appeals. (*Id.*). Petitioner's recitation of events and his documentary evidence supports his claim that he did not receive actual notice that his PDR had been struck until February of 2008. Because it appears that he was misled about the status of his PDR, it is appropriate to equitably toll the one-year statutory

limitations period from July 6, 2007, until February 8, 2008, when petitioner received notice that his PDR had been struck. Even so, equitable tolling on this basis does not save his current federal petition because it was not filed until November 3, 2009, nineteen months later.[3]

### 2. *Prior Federal Petition*

Although the filing of petitioner's first federal petition does not statutorily toll the statute of limitations, the Supreme Court has suggested that "equitable considerations may make it appropriate for federal courts" to toll the "statute of limitations for unexhausted federal habeas petitions." *Duncan v. Walker*, 533 U.S.167, 183-84 (2001) (Stevens, J., concurring ). The mere filing of such a petition is insufficient of itself to invoke those principles. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

Petitioner has not shown extraordinary circumstances beyond his control that made it impossible to file the federal petition on time – the filing of the first federal petition and its dismissal for his failure to exhaust state remedies do not qualify as such circumstances. He chose to file his first federal petition before exhausting his remedies in the state courts.[4] Nothing occurred during the pendency of that federal petition to warrant application of equitable tolling.[5] Moreover, even

---

[3] Petitioner did not file his state petition until April 16, 2009, a year and two months after he was informed that his PDR had been struck. It still would not have not tolled the statutory one-year deadline because it was filed after the deadline had expired.

[4] Whether petitioner knew the legal ramifications of such filing is immaterial. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

[5] The first federal petition was resolved within 199 days of petitioner placing it in the prison mail system, well below the national average of 268 days to resolve habeas actions on procedural grounds. *See Duncan*, 533 U.S. at 184 (Stevens, J., concurring) (noting the 268-day average).

if the Court were inclined to grant some equitable tolling for the improvidently filed initial federal petition, petitioner has exercised insufficient diligence to warrant additional equitable tolling. By the end of October of 2008, he would have known the likely fate of his first federal petition after the magistrate judge recommended dismissal. He then took nearly six months to file his state petition on April 16, 2009, but provides no explanation for this delay. Without adequate explanation for such delay, the circumstances of this case are not extraordinary enough to qualify for equitable tolling. As noted earlier, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim." *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). Because petitioner's lack of diligence rather than external forces appears to account for the untimeliness of this action, he is not entitled to equitable tolling for the time his first federal petition was pending. In the absence of this equitable tolling, the November 3, 2009, should be deemed untimely.

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

7

**SO RECOMMENDED on this 18th day of December, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE